**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4739**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DONALD HOWARD SMILEY,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. G. Ross Anderson, Jr., Senior District Judge. (7:14-cr-00044-GRA-1)

Submitted: April 1, 2015        Decided: April 27, 2015

Before SHEDD, KEENAN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James B. Loggins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. William N. Nettles, United States Attorney, William J. Watkins, Jr., Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Howard Smiley pled guilty to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (2012), and the district court sentenced him to 78 months' imprisonment, a sentence at the bottom of the Sentencing Guidelines range. Smiley appeals, challenging the procedural reasonableness of his sentence. He asserts that the district court erred by failing to explain why it rejected his arguments for a downward variance. Among other things, the Government contends that even if the district court erred, the error is harmless. We affirm.

A sentence is procedurally reasonable if the district court properly calculates the defendant's advisory Guidelines range, gives the parties an opportunity to argue for an appropriate sentence, considers the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explains the selected sentence. See Gall v. United States, 552 U.S. 38, 49-51 (2007). As we have explained, "[r]egardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). The explanation must be sufficient to allow for "meaningful appellate review," (internal quotation marks omitted), such that

2

we need "not guess at the district court's rationale," id. at 329.

Where, as here, the defendant properly preserves the issue of procedural reasonableness below, this court must reverse unless the error is harmless. United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). The Government bears the burden of "demonstrat[ing] that the error did not have a substantial and injurious effect or influence on the result and we can say with fair assurance that the district court's explicit consideration of the defendant's arguments would not have affected the sentence imposed." United States v. Boulware, 604 F.3d 832, 838 (4th Cir. 2010) (alterations and internal quotation marks omitted).

After reviewing the sentencing transcript, we conclude that the district court's explanation was insufficient to render the sentence procedurally reasonable. The court did not expressly address why it rejected Smiley's arguments for a downward variance. Such a failure constitutes procedural error. Lynn, 592 F.3d at 585.

Nevertheless, the Government has satisfied its burden of demonstrating that the district court's procedural error is harmless. The court adopted the findings of the presentence report, establishing that it was familiar with Smiley's history, the nature and circumstances of the offense, and other details

3

relevant to the consideration of the § 3553(a) factors. Additionally, Smiley's arguments for a downward variance were not persuasive. See Boulware, 604 F.3d at 839-40 (explaining that comparative weakness of defendant's arguments for lower sentence is one reason to decline to remand case for further explanation). Moreover, the sentencing transcript reveals that the district court must have considered Smiley's arguments for a downward variance; the variance was the only issue discussed at sentencing, and the court imposed sentence immediately after hearing defense counsel's arguments and Smiley's allocution. See id. at 839. Thus, we are persuaded that, in this case, any error in the district court's explanation for the sentence it imposed is harmless.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4